IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| FedEx Trade Networks Transport & Brokerage, Inc.<br><br>Plaintiff,<br><br>-vs-<br><br>Airboss Defense Group, LLC<br><br><br>Defendant. | Case No.: 22-1313<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiff FedEx Trade Networks Transport & Brokerage, Inc. (hereinafter "FTN"), by and through its undersigned attorneys, hereby submits this Complaint against Defendant Airboss Defense Group, LLC (hereinafter "Airboss" or "Defendant") to recover freight charges, demurrage and other damages incurred in connection with the transportation of goods under FTN's tariffs, rate agreements and bill of lading. In support of its Complaint, Plaintiff FTN alleges as follows:

## THE PARTIES

1. Plaintiff FTN is a corporation organized and existing under the laws of the State of New York having its principal place of business at 145 Lt. George W. Lee Avenue., Memphis, TN 38103. FTN is a non-vessel operating common carrier ("NVOCC") and ocean freight forwarder duly licensed by the Federal Maritime Commission ("FMC"). FTN provides a variety of logistics and transportation services, including the provision of ocean transportation under FTN's tariffs, rate agreements, and bills of lading.

2. Defendant Airboss, on information and belief, is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 8261 Preston Court, Jessup MD 20794. On information and belief, Airboss is an importer and vendor, *inter alia*, of personal protective equipment, including medical examination gloves.

## JURISDICTION AND VENUE

3. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 1332, and 1333. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this judicial district.

## BACKGROUND

6. During the period June 2021 through December 2021, FTN provided ocean transportation for approximately 578 containers of nitrile examination gloves from Malaysia to the Port of Long Beach, California (hereinafter, the "Shipments"). Each of the Shipments was transported under an FTN ocean bill of lading listing Airboss as the Consignee. FTN issued Bills of Lading covering each of the 578 containers at issue.

7. FTN completed delivery of 376 of the containers from the Shipments.

8. Prior to arrival and discharge of the remaining 202 containers comprising the Shipments, the United States government issued a Withhold Release Order preventing the importation of the goods contained in the Shipments. As a result, these 202 containers could not

be released from the port and have accrued and continue to accrue demurrage, detention and related storage charges and costs.

9. Section 16.4 of the terms and conditions applicable to FTN's bills of lading provides:

> All persons encompassed within the definition of "Merchant" as provided in Section 2 of this Bill of Lading shall be jointly and severally liable to Carrier for the payment of all freight and charges, including advances. This provision shall apply regardless of whether the front of this Bill of Lading has been marked "prepaid" or "freight prepaid" so long as freight and charges remain unpaid.

10. Section 16.5 of the terms and conditions of FTN's bills of lading provides:

> All persons encompassed within the definition of "Merchant" as provided in Section 2 of this Bill of Lading shall jointly and severally indemnify Carrier for all claims, fines, penalties, damages, costs and other amounts which may be incurred or imposed upon Carrier by reason of any breach of Merchant of any of the provisions of this Bill of Lading or of any statutory or regulatory requirements.

11. Section 2.3 of the terms and conditions of FTN's bills of lading provides:

> "Merchant" includes the Shipper, the Receiver, the Consignor, the Consignee, the Holder of this Bill of Lading and any person having a present or future interest in the Goods or any person acting on behalf of any of the above-mentioned persons."

12. Section 16.2 of the terms and conditions of FTN's bills of lading provides:

> "Freight shall be deemed fully earned on receipt of goods by Carrier, its agents or servants, whether the freight be intended to be prepaid or collected at destination. Payment shall be in full and in cash without any offset, counterclaim, or deduction, whether the goods are lost or not lost, in the currency named in this Bill of Lading, or another currency at Carrier's option. Interest at 12% shall run from the date when freight and charges are due."

13. Section 16.2 of the terms and conditions of FTN's bills of lading further provides:

> "In any referral for collection or action against Merchant for monies due to Carrier, upon recovery by Carrier, Merchant shall pay the expenses of collection and litigation, including reasonable attorneys' fees."

14. Airboss was the consignee on each of the bills of lading issued in connection with the Shipments and as such is a "Merchant" as defined in FTN's bill of lading terms and conditions.

Accordingly, Airboss is liable for all outstanding freight charges, demurrage, and other charges applicable to the Shipments.

15. FTN has fully performed its obligations under the bill of lading contracts relating to the Shipments.

16. FTN has issued invoices for the transportation, demurrage and related services provided in connection with the Shipments, but Airboss has failed to pay the outstanding charges.

17. In approximately May of 2022, the Defendant paid FTN the charges owed on 7 of the containers from the Shipments.  FTN has not been paid for the remaining 571 containers from the Shipments.

18. Through May 31, 2022, for the remaining 571 containers, the outstanding and unpaid ocean freight and insurance charges ("Freight Charges") total $15,387,550. In addition, the Shipments have accrued storage, demurrage, and other charges to date exceeding $11,385,518. Storage, demurrage, and other charges continue to accrue.

19. Pursuant to FTN's terms and conditions, FTN is entitled to recover interest at 12% and the costs of collection, including attorneys' fees, in addition to its damages.

**FIRST CAUSE OF ACTION**
**(BREACH OF THE FTN BILL OF LADING)**

20. FTN repeats, incorporates and realleges the allegations set forth in Paragraphs 1 to 19 herein as if fully set forth hereat.

21. Defendant Airboss is contractually obligated to pay the freight, detention, demurrage, and other charges arising pursuant to the FTN tariff, bill of lading and FTN's terms and conditions terms, which together constitute the contracts of carriage applicable to the Shipments.

22. Plaintiff FTN has fully performed it obligations to transport the Goods.

23. Pursuant to the applicable contracts of carriage, the Defendant Airboss is liable to FTN for all freight, detention, demurrage, storage, and other charges for the Shipments.

24. Despite demand having been made, Defendant Airboss has failed to pay the amounts due and owing to Plaintiff FTN.

25. Defendant Airboss is in material breach of the applicable contracts of carriage for the transportation at issue.

26. In addition to its damages to be proved at trial, including Freight Charges totaling $15,387,550 and accrued storage, demurrage, and other charges to date exceeding $11,385,518, Plaintiff is entitled to recover interest, its costs and attorneys' fees incurred in seeking to collect the amounts owed. Interest continues to accrue on unpaid invoices at the rate of 12%.

## SECOND CAUSE OF ACTION
## (ACCOUNT STATED)

27. FTN repeats, incorporates and realleges the allegations set forth in Paragraphs 1 to 26 herein as if fully set forth hereat.

28. FTN has provided transportation and other services for Defendant pursuant to an agreement and an account stated between FTN and Defendant.

29. Defendant has refused and failed to pay for amounts due and owing under its stated accounts with FTN, despite demand that they do so, in an amount to be proved at trial, but totaling at least $11,385,518 in demurrage, detention, storage and other charges, and $15,387,550 in Freight Charges, plus applicable interest and late fees.

30. FTN is entitled to payment of the amounts due and owing under its account stated with Defendant.

## THIRD CAUSE OF ACTION
## (QUANTUM MERUIT/UNJUST ENRICHMENT)

31. FTN repeats, incorporates and realleges the allegations set forth in Paragraphs 1 to 30 herein as if fully set forth hereat.

32. FTN provided valuable services to Defendant at Defendant's request, including the advance of substantial monies on Defendant's behalf. The value of the services provided by FTN to Defendant at issue is in excess of $26,802,469.

33. Defendant has failed and refused to pay FTN for the services it has provided to Defendant, including the advance of substantial monies by FTN on Defendant's behalf. Defendant would be unjustly enriched by accepting the services provided by FTN without payment therefor.

34. FTN is entitled to recover in quantum meruit the reasonable value of the services it provided to Defendant, in the amount in excess of $26,802,469.

## FOURTH CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

35. FTN repeats, incorporates and realleges the allegations set forth in Paragraphs 1 to 34 herein as if fully set forth hereat.

36. An actual and justiciable controversy exists between FTN and Defendant regarding the liability of Defendant for freight, demurrage and related charges relating to the Shipments under FTN's bills of lading and tariffs.

37. Pursuant to 28 U.S.C. § 2201, FTN is entitled to a declaration of the respective rights and obligations of FTN and Defendant in connection with the Shipments.

WHEREFORE, Plaintiff FedEx Trade Networks Transport & Brokerage, Inc. prays judgment and relief from Defendant Airboss Defense Group, LLC as follows:

A. An award of damages against Defendant Airboss Defense Group, LLC in an amount in excess of $11,385,518 in demurrage, detention, storage and other charges, and $15,387,550 for Freight Charges, plus interest and late fees.

B. A declaratory judgment in favor of FTN declaring that Defendant is liable to FTN for all freight, demurrage and related charges relating to the Shipments.

C. An award of the costs of suit of this action against Defendant Airboss Defense Group, LLC, including attorneys' fees pursuant to the FTN Terms & Conditions.

D. Such other and further relief as this Court may deem just and proper.

DATE: June 1, 2022                                             Respectfully submitted,

                                                                                                                     _____
David K. Monroe
Bar No. 12987
GKG LAW, P.C.
1055 Thomas Jefferson Street, NW; Ste. 620
Washington, DC  20007
Telephone: 202-342-5235
Facsimile:  202-342-5219
Email: dmonroe@gkglaw.com

*Attorney for FedEx Trade Networks Transport & Brokerage, Inc.*